Leavitt v. Arnott.

---

No. 23,858.

HATTIE BRUCE LEAVITT, *Appellee,* v. ORA ARNOTT ét al., *Appellants.*

### SYLLABUS BY THE COURT.

1. .TRUST IN REAL ESTATE—*Delinquent Taxes—Appointment of Receiver—Property Sold—Allowance of Attorney's Fees.* In 1916 real estate which had been devised to one for life and at his death to certain remaindermen was about to be sold for taxes, and an action was brought for the appointment of a receiver and a sale of some of the property. The receiver paid the taxes and invested under the orders of the court, the balance of the proceeds for the benefit of the life tenant and the remaindermen. *Held,* that in supplemental proceedings brought by one of the remaindermen in which the court ordered the remaining real estate sold and the proceeds invested for the benefit of all the parties, the court had authority to allow a reasonable fee to the attorney for services in the supplemental proceedings.

2. SAME—*Reasonable Attorney's Fee.* The trial court was familiar with the proceedings and the services rendered by the attorney and *held,* that an allowance of $500 will not be disturbed either on the ground that it is excessive or on the ground that it is inadequate.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 8, 1922. Affirmed.

*H. Ward Page,* and *Ira Burkholder,* both of Topeka, for the appellants.
*Frank G. Drenning,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Mrs. Emma Leavitt, who died in 1910, devised by her last will a life estate in her real property to Harrison H. Leavitt, her son. In 1916 the property was about to be sold for taxes and this action was brought for the purpose of having a receiver appointed

and a sale of some of the property. A receiver was appointed, certain pieces of real estate sold, and after the taxes and expenses had been paid the balance remaining in the hands of the receiver was invested in government bonds. In 1919, a supplemental petition in the action was filed by F. G. Drenning, representing some of the remaindermen, asking for the sale of the remaining real estate, and for the appointment of a permanent trustee to keep the money invested in securities. Issues were joined on the supplemental petition and on February 21, 1920, the court made findings to the effect that it was for the best interests of the parties that the property be sold and the proceeds invested; the prayer of the petition was granted. No appeal was taken from the order directing the sale of the property.

Later F. G. Drenning filed a motion in the action asking for an allowance as attorney's fee for procuring the supplemental decree. The motion was resisted by the appellants. Because Mr. Drenning did not represent the receiver appointed and because the supplemental petition was opposed by the appellants, it is insisted that the court had no authority to allow him an attorney's fee. Cases are cited where it has been held that an allowance to an attorney for services which were not rendered in aiding the receiver in the performance of his duties is improper. In the supplemental proceedings, Drenning represented Hattie Bruce Leavitt, one of the remaindermen. The services performed by him were not for the benefit of the receiver, but were for the benefit of the other remaindermen, and as the trial court held, were for the benefit of all the parties. The receiver was an arm of the court and not concerned in the supplemental decree. We think in such a case the court had authority to allow an attorney's fee.

The court heard evidence concerning the services performed by Mr. Drenning. Two attorneys testified that in their opinion his services were worth from $500 to $1,500. The court allowed him $500 attorney's fee and certain items of expense incurred by him including the cost of advertising sales of certain of the properties. The appellants claim that the court erred in allowing any attorney fee to Mr. Drenning. In a cross-appeal, Drenning claims that the amount allowed is inadequate, and that the court should have allowed him at least $1,000. The trial court was familiar with the proceedings in the lower court and the services Mr. Drenning had performed as

Tire Co. v. Equipment Co.

attorney, and was in a far better position to determine from the evidence and the court's knowledge of the proceedings what was a reasonable allowance to make than this court is from a reading of the record.

One of the errors assigned by appellants is the action of the court in directing a sale of the real estate under the supplemental decree. However, no appeal was taken in time from that order of the court and this claim cannot be considered.

From a careful examination of the abstract and briefs of both parties we discover no reason for disturbing the judgment of the trial court, and it is therefore affirmed.